IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Mel CYRAK, Attorney at Law.

Supreme Court

*No. 94–2428–D. Submitted on briefs November 30,
1995.—Decided December 18, 1995.*

(Also reported in 541 N.W.2d 147.)

For Mel Cyrak the cause was submitted on the brief by *Mel Cyrak*, Dallas, TX.

For the Board of Attorneys Professional Responsibility there was a brief by *John F. Jenswold*, counsel, Madison.

PER CURIAM. This is an appeal from the referee's conclusion that Attorney Mel Cyrak engaged in professional misconduct in his representation of a bankruptcy client in Texas and by his failure to respond to the Board of Attorneys Professional Responsibility (Board) in the course of its investigation of the matter. In addition to that conclusion, Attorney Cyrak appealed from the referee's recommendation that his license to practice law in Wisconsin be suspended for 60 days as discipline for that misconduct.

We determine that Attorney Cyrak's failure to represent his bankruptcy client diligently and promptly and keep her informed of the status of her legal matter by responding to her repeated requests for information, as well as his refusal to respond to the Board in its investigation, warrant the recommended license suspension. Attorney Cyrak failed to meet his professional responsibility to the client who retained him and violated his professional duty to respond to the authority charged with enforcing the court's rules of attorney professional conduct.

Attorney Cyrak was admitted to practice law in Wisconsin in 1972 and, until moving to Texas in 1984,

practiced in Madison and Waterloo. He was never admitted to the Texas bar but was admitted to practice before the U.S. District Court for the Northern District of Texas in 1985. The bankruptcy court of that district barred him from practice before it in May, 1994 for inattention to his obligations in representing bankruptcy clients and, while a member of the Chapter 7 trustee panel, ignoring and repeatedly violating the Federal Rules of Bankruptcy Procedure, including his consistent failure to file necessary paperwork timely, and for his failure to refund a portion of his attorney fee in a case as ordered. His disbarment from practice before that court was also based on his failure to maintain his right to practice law in Wisconsin, which was suspended for his noncompliance with continuing legal education rules, as his admission to the bar of the bankruptcy court was predicated on his admission to the Wisconsin bar. Attorney Cyrak currently is suspended from practice in Wisconsin for failure to comply with those rules.

The referee, Attorney Rudolph P. Regez, made findings of fact following a disciplinary hearing. In February, 1993, Attorney Cyrak was retained by a Texas resident to file a Chapter 13 bankruptcy petition, for which she gave him $750, $150 for the filing fee and a $600 advance on his attorney fee. Attorney Cyrak filed the bankruptcy petition March 3, 1993 and the court scheduled a meeting of creditors for April 22, 1993.

On March 31, 1993, the bankruptcy trustee issued a notice of intent to certify the case for dismissal because certain schedules had not been filed with the petition and the debtor's statement of financial affairs and preliminary plan were not filed. The notice stated that failure to cure the deficiencies within 48 hours would subject the petition to dismissal without further

notice. A copy of that notice was mailed to Attorney Cyrak and to his client.

When the deficiencies were not remedied, the bankruptcy court dismissed the client's case without prejudice April 1, 1993, providing that the case could be refiled upon payment of the required fee. Attorney Cyrak did not tell his client of the dismissal until he filed a second petition on her behalf May 4, 1993. Three weeks later, the trustee issued another notice of intent to certify the case for dismissal and subsequently dismissed the case because the debtor's preliminary plan and mailing matrix did not list the same creditors and because the debtor failed to provide a certificate of service showing that the documents had properly been served on all parties in interest.

The client wrote to Attorney Cyrak five times between May 24 and November 3, 1993 requesting information concerning the status of her petition. She reminded Attorney Cyrak that she had sent him copies of bills from her creditors but they told her that her case had been dismissed. When Attorney Cyrak refused to answer those letters or return her telephone calls, the client dismissed him as her attorney on November 27, 1993 and demanded return of the $750 she had paid him. Attorney Cyrak did not acknowledge or respond to her communication.

Asserting that she had been subjected to penalties in respect to her mortgage indebtedness and had incurred additional court expense as a result of Attorney Cyrak's neglect of her bankruptcy matter, the client filed a grievance with the State Bar of Texas. Because it lacked jurisdiction to take any action for the reason that Attorney Cyrak was not licensed to practice in Texas courts, the Texas State Bar forwarded the grievance to the Board here. When the Board informed

him of the grievance December 7, 1993 and requested a written response within 20 days, Attorney Cyrak did not respond. He also made no response to a subsequent certified letter from the Board informing him of his duty to cooperate with the Board in its investigation and the consequences of his failure to do so.

On the basis of those facts, the referee concluded that Attorney Cyrak failed to respond to reasonable client requests for information concerning the status of her legal matter, including the fact that her bankruptcy cases had been dismissed, in violation of SCR 20:1.4(a).[1] Also, by failing to timely file required documents in the bankruptcy proceedings, which resulted in their dismissal, Attorney Cyrak violated SCR 20:1.3,[2] which requires an attorney to act with reasonable diligence and promptness in representing a client. Finally, the referee concluded that Attorney Cyrak violated SCR 21.03(4)[3] and 22.07(2)[4] by failing to respond

---

[1] SCR 20:1.4 provides, in pertinent part:

**Communication**
(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[2] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

[3] SCR 21.03 provides, in pertinent part:

**General principles.**
. . .
(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[4] SCR 22.07 provides, in pertinent part:

to requests of the Board for information concerning the client's grievance.

As discipline for that misconduct, the referee recommended that Attorney Cyrak's license to practice law in Wisconsin be suspended for 60 days. The referee took into account as a mitigating factor that during the period of time relevant to his misconduct, Attorney Cyrak had spent considerable time traveling from Texas to Wisconsin to care for his dependent mother, who had suffered serious heart problems and underwent surgery. The referee also noted Attorney Cyrak's cooperation during the disciplinary proceeding itself and that he has refunded the client's retainer in full.

In this appeal, Attorney Cyrak contended that the federal bankruptcy court had exclusive jurisdiction in respect to disciplinary matters concerning his conduct before that court and, consequently, he was under no obligation to respond to the disciplinary authority of this court investigating his client's grievance. There is no merit to that contention. Our rules specifically provide that a person admitted to practice law in Wisconsin is subject to the court's disciplinary author-

Investigation.

. . .

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

ity regardless of the location of the lawyer's practice. SCR 20:8.5.[5]

Likewise without merit are Attorney Cyrak's arguments that his conduct in the client's bankruptcy matter did not constitute a "serious" failure to act with reasonable diligence and promptness and that his communications with her regarding the matter were reasonable under the circumstances. While he insisted that his client was aware that his mother's health problem necessitated his frequent travel to Wisconsin, Attorney Cyrak never discussed with the client the possibility of another attorney handling her bankruptcy matter while he was away from Texas.

█

We adopt the referee's findings of fact and conclusions of law and determine that the recommended 60-day license suspension is appropriate discipline to impose for Attorney Cyrak's professional misconduct established in this proceeding. We also require Attorney Cyrak to pay the costs of this proceeding.

IT IS ORDERED that the license of Attorney Mel Cyrak to practice law in Wisconsin is suspended for a period of 60 days, effective the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order Mel Cyrak pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time,

---

[5] SCR 20:8.5 provides:

**Jurisdiction**

A lawyer admitted to practice in this jurisdiction is subject to the disciplinary authority of this jurisdiction although engaged in practice elsewhere.

the license of Mel Cyrak to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Mel Cyrak comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.